*In re* BURTON ROBERTS.

1. HABEAS CORPUS—QUESTIONS REVIEWABLE.
    Claimed errors in court proceedings resulting in commitment to prison may not be reviewed on petition for habeas corpus where such errors were reviewable by way of properly taken appeal.

2. EVIDENCE—JUDICIAL RECORDS.

> On habeas corpus the Supreme Court accords absolute verity to judicial records.

3. CRIMINAL LAW—PLEA OF GUILTY—SENTENCE.

> One who voluntarily pleads guilty to charge of crime may not thereafter complain of his conviction and sentence that was within the time prescribed by statute (Act No. 328, § 336, Pub. Acts 1931).

4. HABEAS CORPUS—SUPREME COURT.

> The power of the Supreme Court to issue writs of habeas corpus, granted by the Constitution, has always been exercised (Const. 1908, art. 7, § 4).

5. CRIMINAL LAW—SENTENCE—ELIGIBILITY, TO PAROLE.

> Where commitment papers of person who pleaded guilty to charge of crime showed a sentence of 1 year and 3 months to 10 years with a recommended maximum of 1 year and 3 months and statute set maximum at 10 years, convict was not entitled, as a matter of right, to a discharge at the end of the recommended maximum, since the expiration of such period merely rendered him eligible to parole in case the bureau of pardons and paroles so determined (Act No. 328, § 336, Pub. Acts 1931).

6. SAME—DURATION OF SENTENCE.

> One sentenced to prison is there for the maximum term fixed by statute unless his application for clemency be granted.

7. SAME—SEX OFFENDERS—CONFINEMENT IN STATE HOSPITAL—SENTENCE.

> One who is charged with a sex offense and then committed to a State hospital before conviction is not imprisoned for crime and period so spent in confinement may not be computed upon his subsequent conviction and sentence (Act No. 328, § 336, Pub. Acts 1931).

8. SAME—SENTENCE—POLICE POWER.

> Police power of State, exercised by bureau of pardons and paroles in denying a prisoner's application for parole, was properly exercised where consideration was given to his application but refusal made thereof, hence the statutory maximum sentence was in full force and effect (Act No. 328, § 336, Pub. Acts 1931).

Habeas corpus to warden of State Prison of Southern Michigan to inquire into detention of Bur-

ton Roberts with accompanying writs of certiorari to W. McKay Skillman, Judge of Recorder's Court for the City of Detroit, and Bureau of Pardons and Paroles, Department of Corrections. Submitted November 14, 1944. (Calendar No. 42,755.) Writs dismissed January 2, 1945.

*Burton Roberts, in pro. per.*

*William E. Dowling,* Prosecuting Attorney, and *Henrietta E. Rosenthal,* for defendant judge.

WIEST, J. This is an original proceeding by writ of habeas corpus and ancillary writ of certiorari to test the legality of the present detention of petitioner Burton Roberts in the State prison at Jackson.

In October, 1936, petitioner was arraigned in the recorders' court for the city of Detroit on an information charging him with the crime of taking indecent and improper liberties with a female child 11 years of age. Act No. 328, § 336, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–336, Stat. Ann. § 28.568). Petitioner makes many allegations of claimed errors in the court proceedings. None such can be considered now as the issues here bar review which could have been the subject matter of an appeal if properly taken. We accord absolute verity to judicial records. When arraigned in October, 1936, petitioner entered a plea of not guilty and his counsel moved the court to appoint a sanity commission to examine into and report on his mental condition. The court appointed a sanity commission. See 3 Comp. Laws 1929, § 17241, as amended by Act No. 317, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17241, Stat. Ann. § 28.967). The commission reported in writing and the members also testified in

open court in the presence of the accused. A court order based thereon, dated December 15, 1936, held ''that said defendant is now an insane person, not possessing sufficient mental capacity to undertake his defense. * * * The court finds the fact to be that he is insane and irresponsible and not a proper person to be tried at this time on this charge, and that he would be unable to undertake his defense if put on trial.'' Thereupon the court committed him to the State hospital at Ionia ''until this defendant is cured or otherwise discharged. When said defendant is restored to his right mind, the superintendent of said hospital shall notify the judge of recorders' court for the city of Detroit and the prosecuting attorney of Wayne county and said defendant shall within 60 days thereafter be remanded to the Wayne county jail in order that the said criminal proceeding may be resumed or defendant discharged or for such proceedings as may be required by law.'' This order was made December 15, 1936, and commitment papers were duly issued.

On June 30, 1939, petitioner was discharged from the hospital under writ of habeas corpus in the circuit court for the county of Ionia on the ground that he was no longer insane. On November 2, 1939, he was again in the recorders' court for the city of Detroit and withdrew his plea of not guilty and pleaded guilty. Upon examination by the court the plea was accepted, and sentence deferred until November 9, 1939, when he was sentenced to Jackson prison for a term of not less than 1 year and 3 months nor more than 10 years, with the recommended maximum of 1 year and 3 months.

Petitioner now claims he was not brought to trial within 60 days after his discharge from the hospital. The discharge from the hospital under writ of habeas corpus did not in any sense release petitioner

from standing trial under the information against him in the recorders' court. He raised no such point in that court but voluntarily pleaded guilty to the charge and may not now under the writ herein be heard to complain of his conviction and sentence.

The Constitution empowers this court to issue writs of habeas corpus, Const. 1908, art. 7, § 4, and this power has always been exercised.

Petitioner claims he is unlawfully deprived of his liberty because he has served the maximum imprisonment imposed by the court.

The commitment stated that he "be committed to the State Prison of Southern Michigan, in the county of Jackson," and therein confined, for a term of not less than 1 year and 3 months, nor more than 10 years, with the recommended maximum of 1 year and 3 months.

"The statutory maximum penalty for which crime the said defendant stands convicted is 10 years." The recommended *maximum* of 1 year and 3 months did not fix a definite period of imprisonment; the statute fixed that at not more than 10 years. The indeterminate sentence law provides:

"The court imposing sentence shall not fix a definite term of imprisonment, but shall fix a minimum term except as hereinafter provided. The maximum penalty provided by law shall be the maximum sentence in all cases except as herein provided and shall be stated by the judge in passing sentence."

3 Comp. Laws 1929, § 17336 (Stat. Ann. § 28.1080).

The sentence, properly construed, was for the statutory period of 10 years, with a recommendation of a minimum of 1 year and 3 months, and petitioner was not entitled to discharge as of right at the expiration of the minimum sentence. At the expiration of the recommended minimum sentence peti-

tioner was eligible to parole but not entitled to parole unless so determined by the bureau of pardons and paroles. His application for such clemency was denied and, unless later granted, he is in prison to serve the maximum penalty of 10 years for his crime. Petitioner was not in the State hospital under conviction of any crime and it was not in any sense imprisonment to be computed upon his subsequent conviction and sentence.

The bureau of pardons and paroles also made a return to the writ of certiorari and stated therein:

"That one year and three months was the minimum term, but denies that it was also recommended as the maximum term. That would be impossible as the maximum term of ten years had already been fixed by the legislature. However, the court did recommend that petitioner serve one year and three months. * * * denies that the parole board has consistently refused to grant petitioner any consideration, but admits that the parole board has refused to release petitioner on parole, as petitioner was not regarded as a good risk for parole to community life, and was regarded as a menace to society."

The police power of the State, in this instance vested in the bureau of pardons and paroles, was legitimately exercised in denying petitioner's application for parole. Such denial left petitioner's maximum sentence, as fixed by statute, in full force and effect.

We find no merit in the petition for the writ and defendant's release is denied and the writ dismissed.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.