W. Vincent Grady, Acting County Judge.
Application is made for a writ of habeas corpus by relator based on the claim that he-has completed serving the sentence of 30 days imposed by Dutchess County Judge John R. Schwartz on July 29, 1958.
It appears that relator had an altercation with a policeman *177 of the city of Poughkeepsie on April 18, 1958, as a result of which relator was shot and wounded. He was placed under arrest the same day and taken to Vassar Hospital for treatment. While at the hospital relator was under guard of police until May 13, 1958, when he was released on bail of $1,500 set by County Judge Schwartz, having spent a period of some 25 days in the hospital.
On July 9,1958, relator was convicted of assault in the second degree after a jury trial and on July 29, 1958, relator was sentenced to 30 days in the Dutchess County jail by Judge Schwartz, with credit to be given for time served.
The whole question centers on whether relator should be given credit for the 25 days spent at Vassar Hospital under police custody. If he is entitled to this credit then he has completed his 30-day sentence and is entitled to be released.
The District Attorney for the Sheriff of Dutchess County opposes the application on the ground that relator’s Vassar Hospital confinement does not come within the contemplation of the law regarding credit for time served.
However, with all consideration for the District Attorney’s contention and without any criticism of the Sheriff in holding the relator for a judicial opinion and with no comment as to the length of the sentence imposed by Judge Schwartz, and after hearing respective counsel and reading their memoranda, the Sheriff’s return and after due deliberation thereon, the court finds and decides as follows:
Section 2193 of the Penal Law states in part “Any time spent by a person 8 8 8 convicted of a crime in a 8 8 8 prison or jail prior to his conviction or before sentence has been pronounced upon him, shall become and be calculated as a part of the term of the sentence imposed upon him ”.
Section 1690 of the Penal Law defines 1 ‘ prison ” as “ any place designated by law for the keeping of persons held in custody under process of law, or under lawful arrest.”
In the instant case under this definition the question is raised whether the Legislature contemplated a “hospital” after the prisoner was arrested and still in custody. I am of the opinion that it did and credit for time served starts with the arrest.
In People ex rel. Cohalan v. Warden of City Prison (96 N. Y. S. 2d 749) it was held that under section 2193 of the Penal Law, that any time spent by a prisoner in a “ prison or jail ” prior to his conviction and before sentence shall be calculated as a part of the sentence, and that the term “ prison ” includes arrest, and any detention of person by arrest would be an imprisonment.
*178 In the same case the court held that the time the defendant spent in a jail in Puerto Rico while being detained for United States authorities and also the time spent while New York police transported him back to the United States, should be calculated as a part of the term of the sentence.
This court is in accord with the decision of the Cohalan case (supra) and determines that relator should he given full credit for the time he spent in Vassar Hospital after his arrest and while in police custody.
Since this means that he has completed the sentence imposed by Judge Schwartz, relator should be released forthwith.
Submit order accordingly.