**Paul R. SAWYER, Appellant,**

v.

**Ramsey CLARK, Attorney General of the United States et al., Appellees.**

**No. 20966.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 23, 1967.

Decided Nov. 17, 1967.

Mr. Martin Jay Gaynes, Washington, D. C. (appointed by this court) for appellant.

Mr. Lee A. Freeman, Jr., Asst. U. S. Atty., for appellees. Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief for appellees.

Before BAZELON, Chief Judge, and BURGER and McGOWAN, Circuit Judges.

PER CURIAM:

Appellant, who pleaded guilty in 1964 to a narcotics offense carrying a mandatory minimum sentence, appeals from a judgment of the District Court denying him relief in respect of his claim that he is entitled to credit against the sentence for time spent in the hospital pursuant to an order for a mental examination under D.C.Code 24–301(a). Upon his arrest, appellant was unable to make the bail set for his release. He was, therefore, in jail when he moved for a mental examination. This motion was granted, and appellant spent 87 days in Saint Elizabeths Hospital. He returned to jail when he was certified as competent.

The record shows that appellant has been given administrative credit, under the terms of 18 U.S.C. § 3568 (1964), for the total of 115 days spent in jail prior to trial. These 115 days related to the period before and after the commitment to Saint Elizabeths; they do not include the 87 days spent in Saint Elizabeths itself.

We are of the opinion that Section 3568 entitles appellant to administrative credit in respect of the 87 days. *Cf.* Cephus v. United States, No. 20,926, decided October 23, 1967. In this case we are concerned with the imposition of the mandatory minimum sentence, in which situation Section 3568 is directly applicable. We think it a strained construction to say that during appellant's commitment to Saint Elizabeths he did not remain "in custody * * * for want of bail set." Moreover, since the hospital time is within the reach of Section 3568, it is credit to be given administratively by the Attorney General rath-

er than as an exercise of the sentencing court's discretion. Therefore, the failure of the court to impose a sentence greater than the mandatory minimum does not bring into play any of the principles of Stapf v. United States, 125 U.S. App.D.C. 100, 367 F.2d 326 (1966).

The case is remanded with instruction to enter judgment for appellant consistent with this opinion.

It is so ordered.