Warren Frederick **ARSAD**, Sr., Petitioner,

v.

David P. **HENRY**, Administrator, Central Prison, Raleigh, North Carolina, Respondent.

Civ. A. No. 2383.

United States District Court,
E. D. North Carolina,
Raleigh Division.

Sept. 9, 1970.

Joseph L. Safron, Asst.Atty.Gen., Raleigh, N.C., for respondent.

### OPINION and JUDGMENT

DALTON, District Judge, sitting by designation.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis*. The petitioner has previously submitted two papers praying that time spent in jail and in a mental hospital pending trial and appeal be credited to the sentences he is serving. These complaints have been considered in a separate opinion, 317 F.Supp. 162.

Petitioner is currently detained under authority of the judgment of the Superior Court of Cumberland County rendered March 11, 1966. After pleas of not guilty, petitioner was found guilty and convicted of the crimes of felonious breaking and entering (10 years), common law robbery (8 to 10 years, consecutive), and kidnapping (5 years, concurrent). These convictions were appealed to the Supreme Court of North Carolina which affirmed them. State v. Arsad, 269 N.C. 184, 152 S.E.2d 99 (1967).

Petitioner now seeks to void these convictions on the basis that they were obtained by the following unconstitutional means:

(1) that he was held without the privilege of bond;

(2) that no Negroes were on the petit jury;

(3) that the state dropped charges against a co-defendant who therefore agreed to testify against the petitioner;

(4) that he was exposed to prejudicial statements at the trial and by the press; and

(5) that he was subjected to a gross miscarriage of justice.

The petitioner has sought relief in the state courts by way of a paper entitled, "Petition for Writ of Review of Constitutionality of Criminal Trial Cum Causa with Subpoena Duces Tecum In Forma Pauperis" addressed to the Superior Court of Cumberland County. The writ was denied by opinion dated May 14, 1968. The Supreme Court of North Carolina denied certiorari to this judgment. The respondent admits that all except the last of these claims have been considered by the North Carolina state courts. Therefore, petitioner has exhausted his state remedies at least with regard to the first four contentions.

■ The complaint that petitioner was held without the privilege of bond is without merit. He was held pursuant to an indictment for first degree burglary, a capital offense. Although several courts have held that the eighth amendment proscription of excessive bail is applicable to the states, e. g., Mastrian v. Hedman, 326 F.2d 708 (8th Cir.), cert. denied, 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964); Wansley v. Wilkerson, 263 F.Supp. 54 (W.D.Va.1967), this mandate does not prevent the denial of bail in a capital case. See Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). It is certainly no denial of due process to deny bail to one held on such serious charges. No federal Constitutional right of the petitioner was infringed by a denial of bail.

■ The second allegation that no Negroes were on the petit jury is insufficient because there is no Constitutional right to have any particular racial composition in a jury. Harris v. State of North Carolina, 240 F.Supp. 985 (E.D. N.C.1965). A Negro defendant does have the right to be tried by a jury from which Negroes have not been systematically excluded. McNeil v. State of North Carolina, 368 F.2d 313 (4th Cir. 1966). If the petitioner wishes the court to consider this possibility, he must first present such an allegation to the state courts. 28 U.S.C. § 2254.

■ Petitioner's complaint that he was convicted partly on the basis of a co-defendant's testimony is without merit. The fact that the state grants immunity to one person in exchange for an agreement to testify against another goes only to the weight of the evidence and not its admissibility. United States v. Brill, 350 F.2d 171 (2nd Cir. 1965), cert. denied, 382 U.S. 973, 86 S.Ct. 538, 15 L.Ed.2d 465 (1966); Carrado v. United States, 93 U.S.App.D.C. 183, 210 F.2d 712 (1953), cert. denied, 347 U. S. 1018, 74 S.Ct. 874, 98 L.Ed. 1140 (1954). Such procedures are almost commonplace. The situation is totally distinguishable from the problem presented in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), where a confession of one defendant was admitted in a trial involving both the confessor and another defendant.

■ The fourth allegation concerning prejudicial statements at the trial and by the press is not substantiated by any specific facts. As such, it is insufficient to be considered by this court. Broad complaints do not entitle a petitioner to a hearing. Facts must be alleged which, if proved, would entitle the petitioner to relief.

The respondent denies that the final allegation of a gross miscarriage of justice has been presented to the state courts. In any case it is entirely insufficient to merit consideration. It, too, amounts to a broad conclusion unfortified by allegations of fact.

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed and the relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file notice of appeal within 30 days may result in a

denial of the right to appeal. The notice shall state the following:

(1) The party or parties taking the appeal;

(2) The judgment, order or part thereof appealed from; and

(3) The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.