Warren Frederick ARSAD, Sr., Petitioner,

v.

David P. HENRY, Administrator, Central Prison, Raleigh, North Carolina, Respondent.

Civ. A. Nos. 2276–Re., 2382.

United States District Court, E. D. North Carolina, Raleigh Division.

Sept. 9, 1970.

Jacob L. Safron, Asst. Atty. Gén., Raleigh, N. C., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge, sitting by designation.

This case comes before the court on two petitions for a writ of habeas corpus filed *in forma pauperis*. The petitions make the same allegations and ask for the same relief; therefore the petitions will be consolidated for purposes of this opinion.

Petitioner alleges that he was arrested on November 6, 1965 and remained in the Cumberland County jail until December of that year when he was sent to the Dorothea Dix Mental Hospital for observation lasting 60 days. He was then returned to the Cumberland County jail until trial. It is not absolutely clear from petitioner's allegations but it appears that he was denied any bail pending trial. At its March 7, 1966 term the Superior Court of Cumberland County found the petitioner guilty after pleas of not guilty to the crimes of felonious breaking and entering (10 years), common law robbery (8 to 10 years, consecutive), and kidnapping (5 years, concurrent). Petitioner appealed these convictions to the Supreme Court of North Carolina which affirmed them. State v. Arsad, 269 N.C. 184, 152 S.E.2d 99 (1967). Pending the determination of the appeal, bail was set at $10,000. Petitioner alleges that he asked for a reduction in the amount of bail, which was denied, and that he was unable to meet this bail.

■ Petitioner asks that he be given credit for the time spent in jail and the mental hospital pending trial and for the time spent in jail pending determination of the appeal. These contentions have been presented directly to the Supreme Court of North Carolina in a paper entitled, "Motion for Writ of Mandate In Forma Pauperis." The writ was denied. Respondent contends that the petitioner has not properly presented these claims to the North Carolina state courts. Whether or not such a procedure was proper in North Carolina practice, however, is not necessary to decide. The court notes that North Carolina has considered this year the same allegations made here by the petitioner and rejected them. State v. Virgil, 276 N.C. 217, 172 S.E.2d 28 (1970); State v. Walker, 7 N.C.App. 548, 172 S.E.2d 881 (1970). It would be a meaningless gesture to require the petitioner to litigate in the North Carolina courts the contentions which it has so recently rejected. Therefore, the court finds that the petitioner has exhausted his state remedies.

■■ Petitioner was indicted on a capital offense, felonious breaking and entering. There is no federal Constitutional right to bail for one charged with such an offense. See Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). Similarly, the question whether one is entitled to credit for time spent in jail prior to imposition of a state sentence is a matter of that state's law. Gross v. Sarver, 307 F.Supp. 1105 (E.D.Ark. 1970); Newell v. Page, 280 F.Supp. 203 (N.D.Okl. 1968). The question whether one who is admitted only to bail which is excessive and which he cannot meet is entitled to credit for time spent in jail pending trial is not presented and this court intimates no view upon it. *See generally* Rehman v. California, 85 S.Ct. 8, 13 L.Ed.2d 17 (1964) (Douglas, J.); Short v. United States, 120 U.S.App. D.C. 165, 344 F.2d 550, 554–556 (1965).

■ The court is likewise of the opinion that the petitioner is not entitled to credit for time spent in the mental hospital before trial. To say that he is not entitled to credit for time spent in jail but that he should receive credit for hospital time would seem to be a logical contradiction. *Cf.* Sawyer v. Clark, 128 U.S.App.D.C. 206, 386 F.2d 633 (1967).

■■ Petitioner is entitled to credit, however, for time spent in jail pending appeal. To deny credit for time spent in jail after conviction if a person pursues his right to appeal is to place a burden on the exercise of that right, especially as to persons who are unable to meet the bail which is set for them. The Fourth Circuit has recently held that the right of appeal cannot be so burdened. Cole v. State of North Carolina, 419 F.2d 127 (4th Cir. 1969). *Accord,* Robinson v. Beto, 426 F.2d 797 (5th Cir. 1970).

For the foregoing reasons, it is adjudged and ordered that the petitioner must receive credit on his sentences for that period of time spent in jail subsequent to his convictions and prior to the determination of his appeal. It is further adjudged that the other relief prayed for in the petition should be and hereby is denied.