William Charles MOURNING, Petitioner,

v.

Major Fred R. ROSS, Superintendent, Caledonia Prison Institution, and State of North Carolina, Respondents.

Civ. A. No. 2680.

United States District Court,
E. D. North Carolina,
Raleigh Division.

July 13, 1971.

William Charles Mourning, pro se.

Robert Morgan, Atty. Gen. of N. C., Jacob L. Safron, Asst. Atty. Gen., Raleigh, N. C., for respondents.

## OPINION and JUDGMENT

DALTON, District Judge.

In his petition for a writ of habeas corpus, which has been filed in forma pauperis, William Charles Mourning attacks the conviction rendered against him for the crime of armed robbery by the Superior Court of Beaufort County on August 16, 1968. At this trial Mourning was represented by court-appointed counsel, pleaded not guilty, and was tried before a jury. The court imposed a sentence of 22 to 25 years imprisonment and the conviction was affirmed on appeal by the Court of Appeals of North Carolina. State v. Mourning, 4 N.C.App. 569, 167 S.E.2d 501 (1969).

The petitioner contends that his conviction is constitutionally defective on the grounds that a) he was subjected to a one-on-one confrontation with the victim of the armed robbery for purposes of identification; b) he was denied counsel at his preliminary hearing; and c) some unidentified persons threatened some unidentified individuals against testifying for the petitioner. Mourning further alleges that he is not sure whether he has been given credit on his sen-

tence for time spent in prison pending appeal but that he should be accorded such credit if it has not already been granted. Petitioner also mentions in passing that he was detained in jail several months before trial but no allegations are made in this regard which raise any constitutional issues. *See* Arsad v. Henry, 317 F.Supp. 162 (E.D.N.C.1970). It is not entirely clear whether the petitioner has presented all of these claims to the state courts and exhausted his state remedies as required by 28 U.S. C.A. § 2254. It appears that this has been done and the court will assume for purposes of this opinion that the petitioner has satisfied the exhaustion requirement.

■ The confrontation procedure complained of by the petitioner is not that kind which was condemned by the Supreme Court in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). In this case it appears that although the victim did not know the petitioner's name at the time of the robbery, she recognized him as one of the persons she had seen before in connection with her employment as a social worker. *See* State v. Mourning, *supra,* 167 S.E.2d at 502. Therefore, the confrontation was arranged simply to establish the identity of a person she had recognized at the time of the crime rather than to identify a person who had been previously unknown to her. In such circumstances the danger of insidious suggestion which concerned the Supreme Court in *Wade* was not present in this case and that line of cases is inapplicable here.

■ Mourning's allegation that he was denied counsel at his preliminary hearing is likewise unmeritorious. The preliminary hearing in question was held in 1968 and there was no right to counsel at a preliminary hearing prior to June 23, 1970. Phillips v. State of North Carolina, 433 F.2d 659 (4th Cir. 1970).

■ The allegation that certain prospective witnesses favorable to Mourning were threatened to prevent their testifying is, if not incredible, at least too vague to warrant any consideration by this court. Clearly no constitutional issue is raised because it is not alleged that he was denied the right to have compulsory process to obtain the attendance of witnesses. There is no indication of who these alleged prospective witnesses may have been, what they would have testified to, or who it was that allegedly threatened them. In view of the petitioner's six page written confession which he submitted to the state courts after the disposition of his appeal in an attempt to secure release for a co-defendant, the court regards the allegation in the present petition as frivolous.

■ Petitioner's final contention that he should receive credit on his sentence for time spent in prison pending decision on his appeal is well taken. The respondents have certified in their answer, however, that the petitioner has received this credit and an attached copy of his prison record indicates that service of sentence commenced on the date of conviction. Accordingly, no relief needs to be granted on this issue.

On the basis of the foregoing analysis, it is the judgment of this court that the petition for a writ of habeas corpus should be and hereby is dismissed and relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he should file within 30 days a notice of appeal with the clerk of *this* court. Failure to file notice of appeal within 30 days may result in a denial of the right of appeal. *The notice of appeal shall state the following:*

(1) the judgment, order or part thereof appealed from;

(2) the party or parties taking the appeal; and

(3) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.