534 P.2d 483
**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Frank LA BADIE, Jr., Defendant-Appellant.**
**No. 1681.**

Court of Appeals of New Mexico.
April 2, 1975.

J. Michael Norwood, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, George A. Morrison, Sp. Asst. Atty. Gen.,

Charles E. Roybal, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The trial court refused to credit defendant's sentence with presentence confinement time at the New Mexico State Hospital at Las Vegas. Defendant appeals, we reverse.

Section 40A–29–25, N.M.S.A.1953 (2d Repl.Vol. 6) states:

> "A person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed for that offense."

Defendant was confined in jail on felony charges. Prior to his conviction of a lesser included offense he "was confined for a total of 463 days in the State Mental Hospital at Las Vegas, pursuant to a Court order . . . ." The issues are whether this confinement was an "official confinement" and whether this confinement was on "charges of the commission of a felony".

*Official Confinement*

Defendant was committed to the State Hospital after an evidentiary hearing. The trial court found defendant was suffering from a mental disease, that his memory was impaired, that he was not capable of assisting in his defense on the pending charges or of understanding the nature of the charges, that he lacked the mental capacity to stand trial and was "in need of care, custody and treatment in a mental hospital . . . ." The commitment order provided that defendant "be at all times under maximum security conditions" and that defendant was not to be released without further written order of the court.

The foregoing establishes that defendant was under official confinement while at the State Hospital. It is true that defendant's commitment was involuntary.

That, however, does not change the fact that the commitment was court ordered and, literally, was an official confinement.

The State contends the word "confinement" means "incarceration". See Black's Law Dictionary (1951), "Incarceration". It then asserts defendant was not incarcerated while at the State Hospital. Assuming, but not deciding that "confinement", in the statute, does mean "incarceration", this does not benefit the State. The court ordered that defendant be confined at the State Hospital under maximum security conditions until further written order of the court. The result is that defendant was "shut up or away", a common meaning of incarcerate. Webster's Third New International Dictionary (1966).

The State also contends: "Had the New Mexico legislature wished to include time spent in a mental hospital in its time-crediting statute it needed only to do so in clear language." If we hold that the time at the State Hospital is "official confinement", the State asserts that we would be adding language to the statute. The answer to this argument is that the Legislature authorized the crediting of "official confinement" time without limiting the credit to a particular place of confinement. We must assume the Legislature chose its words advisedly to express its meaning until the contrary clearly appears. In re Cox' Estate, 57 N.M. 543, 260 P.2d 909 (1953); State v. Sublett, 78 N.M. 655, 436 P.2d 515 (Ct.App.1968). Defendant was in "official confinement" within the meaning of § 40A–29–25, supra.

*Confinement on Charges of Commission of a Felony*

The State contends defendant was committed "for the purpose of extending to him medical attention". This ignores the wording of the order of commitment. Defendant was committed to the State Hospital "for care, custody and treatment by said institution". The confinement was for custody as well as treatment.

The trial court refused to credit the State Hospital time because the confinement "was an involuntary commitment for mental illness". Defendant was ordered committed pursuant to § 41–13–3.1, N.M.S. A.1953 (2d Repl. Vol. 6). The commitment was in 1971. As worded in 1971 (see Laws 1967, ch. 231, § 2—the 1972 amendment is not applicable), § 41–13–3.1, supra, provided:

"Whenever it appears * * * at any stage of a criminal proceeding that there is a question as to the mental competency of a defendant to stand trial, any further proceeding in the cause shall be suspended until the court, without a jury, determines this issue. * * * When the determination is made that a defendant does not have mental capacity to stand trial, the court shall commit him to the New Mexico state hospital until such time as the court finds him to have mental capacity to stand trial. Defendants committed under this section shall be treated as other patients committed involuntarily to the New Mexico state hospital except that they may not be released from custody without an order of the court. * * *"

The above language requires a criminal proceeding, suspension of the criminal proceeding until the question of mental capacity is resolved and, if a defendant lacks mental capacity, he is to be confined until capable of standing trial. This statute, together with the fact that the charge against defendant was a felony, establishes a confinement on charges of commission of a felony. The fact that at the State Hospital defendant was to be treated as an involuntarily committed patient does not change the fact that the commitment was on felony charges.

Defendant was confined on charges of commission of a felony.

Although not directly in point because of variations in the statutory language, the following cases support crediting the State Hospital time on the sentence: Cephus v. United States, 122 U.S.App.D.C. 187, 389 F.2d 317 (1967); Sawyer v. Clark, 128 U.S.App.D.C. 206, 386 F.2d 633 (1967); People v. Cowsar, 40 Cal.App.3d 578, 115 Cal.Rptr. 160 (1974); In Re Stearns' Peti-

tion, 343 Mass. 53, 175 N.E.2d 470 (1961); People v. Noble, 28 Misc.2d 646, 216 N.Y. S.2d 541 (Sup.Ct.1961); Commonwealth v. Jones, 211 Pa.Super. 366, 236 A.2d 834 (1967). The State cites Ex parte Roberts, 310 Mich. 372, 17 N.W.2d 218 (1945) as being to the contrary. We disagree. The language in *Roberts,* supra, is not supported by either case or statutory authority. See People v. Gravlin, 52 Mich.App. 467, 217 N.W.2d 404 (1974). The State also relies on Lange v. Schauer, 520 P.2d 753 (Colo.1974). *Lange* is not in point because the state hospital confinement was "totally independent of the criminal transaction for which he had previously been sentenced."

The result we reach is also supported by decisions on constitutional questions concerning credit on the sentence. See Reanier v. Smith, 83 Wash.2d 342, 517 P.2d 949 (1974) and cases therein cited.

The order denying credit for presentence confinement at the New Mexico State Hospital is reversed. The case is remanded for further proceedings consistent with this opinion.

It is so ordered.

SUTIN and LOPEZ, JJ., concur.