**Herbert Donley BARTRUG, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 16, 1979.

Discretionary Review Denied
June 26, 1979.

Alan Kent Akers, Bardstown, for appellant.

Robert F. Stephens, Atty. Gen., Reid C. James, Asst. Atty. Gen., Frankfort, Richard S. Barlow, Commonwealth Atty., Bardstown, for appellee.

Before Martin, C. J., and HOGGE and VANCE, JJ.

MARTIN, Chief Judge.

Herbert Donley Bartrug, appellant, was indicted by the Nelson County Grand Jury on November 8, 1976, for the offense of murder in violation of KRS 507.020. Specifically the indictment charged that, "On or about the 15th day of June 1976, in Nelson County, Kentucky, the above named Defendant committed the crime of murder in that with intent to cause the death of another person, to-wit: Yvonne Hardin Thornsberry, he did shoot the said Yvonne Hardin Thornsberry with a .25 caliber automatic pistol from which wounds the said Yvonne Hardin Thornsberry did die."

Appellant, who was wounded in the shooting incident, was transported that same day to the Veterans Administration Hospital in Louisville for treatment of his wounds. An arrest warrant and bench warrant charging the appellant with murder, issued on June 16, 1976, the day after the shooting, and on December 13, 1976, respectively, were not executed until March 22, 1977, the time of appellant's return to Nelson County from the Veterans Administration Hospital.

Appellant was tried by jury in the Nelson Circuit Court on June 29–30, 1977, adjudged guilty of first degree manslaughter and

sentenced to the maximum term of imprisonment for that offense, twenty years. Final judgment was entered on July 13, 1977. Appellant was credited with forty-one days toward service of his maximum term of imprisonment for the time he spent in custody prior to his commencement of sentence. The record reveals no objection by the appellant to the final judgment at the time of sentencing.

Appellant appealed his conviction to the Kentucky Supreme Court. The crediting of time spent in custody prior to trial was not discussed or raised in that appeal. Appellant's conviction was affirmed. *Bartrug v. Commonwealth*, Ky., 568 S.W.2d 925 (1978).

A pro se petition for federal habeas corpus relief based on that decision was filed in the United States District Court for the Western District of Kentucky at Louisville on August 24, 1978, and subsequently dismissed on October 6, 1978, as being devoid of a substantial federal question. *Herbert Donley Bartrug v. Dewey Sowders, Superintendent*, No. C 78–0337–L(B) (W.D.Ky. Oct. 6, 1978).

On June 2, 1978, appellant filed a motion in the Nelson Circuit Court to amend the judgment pursuant to CR 60.02. He sought credit on his sentence for the 278 days he spent at the Veterans Administration Hospital in Louisville. A hearing was conducted on this motion on June 12, 1978. An order overruling the motion was entered June 29, 1978. It is from this order that appellant appeals.

Arguing due process and equal protection grounds, appellant contends the trial court erred when it refused to credit him with 278 days toward the service of his maximum term of imprisonment. Although conceding that no warrant for his arrest was executed prior to his return to Nelson County on March 22, 1977, the appellant contends that the period of time he spent in the hospital recovering from a wound sustained in the incident resulting in his indictment for murder amounted to "custody," and he was entitled to a crediting of this time under KRS 532.120(3).

Appellant argues the notification by the Kentucky State Police to the Veterans Administration Hospital in Louisville constitutes detention. They were advised appellant had outstanding an arrest warrant for murder and that they would appreciate notification upon his release from the hospital. However, Detective William Feltner testified at the hearing the hospital informed him they had no security and could hold no one against their will. There also was no court order outstanding requiring the hospital to hold or detain the appellant. Detective Feltner testified the hospital did no more than agree to notify him when the appellant could be released. He indicated he did not serve the warrant because he felt appellant's physical condition precluded his leaving the hospital, and because the state police would have been required to guard him had the warrant been executed upon him while he was hospitalized.

KRS 532.120(3) provides:

Time spent *in custody* prior to the commencement of a sentence as a result of the charge that culminated in the sentence *shall* be credited by the court imposing sentence toward service of the maximum term of imprisonment. If the sentence is to an indeterminate term of imprisonment, the time spent in custody prior to the commencement of such sentence *shall* be consdiered for all purposes as time served in prison. (Emphasis added).

 Unless there exists some constitutional or statutory limitation, the sentencing power in Kentucky is discretionary with the trial judge. *Tarrance v. Commonwealth*, Ky.App., 548 S.W.2d 147 (1977). Based upon the mandatory language of this statute, the word "shall" precludes any discretion on the part of the trial court in crediting time for preconviction custody. KRS 446.010(29). The issue before us is whether the appellant's stay at the Veterans Administration Hospital constituted custody within the meaning of KRS 532.-120(3).

 The word "custody" is defined in KRS 520.010(2) as "restraint by a public servant pursuant to a lawful arrest, detention, or an order of court for law enforce-

ment purposes . . . ." In the present case there was neither a lawful arrest, nor detention, nor an order of court. The request by Detective Feltner that he be notified when the appellant would be released from the hospital, and the hospital's agreement to do so, did not amount to the restraint contemplated by the "in custody" as provided in KRS 532.120(3).

Appellee does not suggest that one cannot be "in custody" in a hospital setting. Had the appellant been arrested prior to his hospitalization, or at any time during his hospitalization, he would have been entitled to credit for that period of time in which he was in custody, provided he was not free on bond, had been released on his own recognizance, or otherwise released pending trial. However, the Commonwealth had no duty to execute the warrant at the time of its issuance. There is no constitutional right to be arrested. *Hoffa v. United States*, 385 U.S. 293, 310, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966).

This issue is one of first impression in the Commonwealth; however, several jurisdictions have held that time spent in a hospital while *under arrest* or *involuntarily confined* must be credited toward service of the term of imprisonment. *People ex rel. Higgins v. Close*, 12 Misc.2d 176, 176 N.Y.S.2d 711 (1958); *People v. Cowsar*, 40 Cal.App.3d 578, 115 Cal.Rptr. 160 (1974); *People v. Gravlin*, 52 Mich.App. 467, 217 N.W.2d 404 (1974); *State v. La Badie*, 87 N.M. 391, 534 P.2d 483 (1975). See generally Annot., 77 A.L.R.3rd 262 (1977), entitled "Time Credit for Preconviction Custody," § 16(b), pp. 262–266.

However, in the present case there was no arrest made prior to the appellant's release from the hospital. He was confined under no court order. His coming and going was limited only by his physical condition. There was no legal restraint upon appellant, and he could have left the hospital at any time. Had he left, the Commonwealth could not have charged him with an escape offense under KRS Chapter 520.

*North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), is of little assistance in resolving the issue now before this court. It dealt with constitutional restrictions upon the implementation of a harsher sentence upon retrial and conviction, not the situation presented by the present case. However, even accepting appellant's argument in this regard, he has not shown that his hospital stay amounted to custody within the meaning of KRS 532.-120(3).

Appellant has conceded that the issuance of an arrest warrant is insufficient to constitute custody. Certainly, therefore, the hospital's simple consent to notify the state police when the appellant would be released was also insufficient to constitute custody. He was not confined to the Veterans Administration Hospital, nor was he there for the purpose of punishment, nor as part of his punishment for the commission of a crime with which he was charged. Thus there was no custody related to his guilt for which he need be given credit as time served.

The judgment of the Nelson Circuit Court is affirmed.

All concur.