This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-35199**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.

**JOE SMITH a/k/a JOE LEO SMITH,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith K. Nakamura, District Judge**

Hector H. Balderas, Attorney General
Anita Carlson, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant Joe Smith contends for the first time on appeal that the delay in sentencing him violated his due process rights. Defendant also raises a claim for ineffective assistance of trial counsel. On the limited record before this Court, Defendant has not met his burden to establish fundamental error from the sentencing delay, nor has he made out a claim for ineffective assistance of counsel. We affirm.

## BACKGROUND

**{2}** During the pendency of this case below, Defendant had numerous unresolved cases in the Second Judicial District before several judges. Defendant pleaded no contest to possession of a deadly weapon by a prisoner, a second-degree felony, on June 10, 2008, at which time Defendant had posted bond in this case. As part of the plea agreement, Defendant's second count of possession of a deadly weapon by a prisoner was dismissed. The only agreement to sentencing was that Defendant's sentence in this case would run concurrently to any sentence he might receive in four of his other pending cases. Defendant's sentencing was scheduled for September 2008. In July 2008 Defendant was arrested on new charges. According to the sentencing judge's notes, the sentencing hearing was vacated due to Defendant's arrest; and ultimately, Defendant's sentencing would not occur for several years. Defendant's bond in this case did not change, and, thus, he was not held on this case. Defendant nonetheless remained in continuous custody beginning in June or July 2008 due to other pending cases.

**{3}** Meanwhile Defendant raised competency in numerous other cases but not in this case. In September 2009 Defendant was committed on these various other cases to the New Mexico Behavioral Health Institute (NMBHI) "for evaluation of competence to stand trial and/or enter a plea[.]" Defendant was deemed competent in late December 2011. A sentencing hearing was set in this case for May 2012. Defendant then moved to withdraw his plea, and the sentencing hearing was vacated. Defendant's motion was denied, and the bond in this case was increased on May 24, 2012, resulting in Defendant being held on this case. Defendant was sentenced on July 10, 2012, to nine years of incarceration. The district court held a presentment hearing to determine presentence confinement credit and awarded Defendant 238 days of credit for the time he spent in custody due to his inability to post bond at various times during the pendency of this case. Defendant's judgment and sentence was entered September 27, 2012. Defendant's basic sentence was later increased by an additional eight years of habitual offender time.

**{4}** Defendant timely moved the district court to reconsider its calculation of presentence confinement credit, arguing he should receive credit for the over four-year period he spent in custody between his plea and sentencing. After undertaking a painstaking review of the filings in this case, as well as a number of Defendant's other pending cases, the district court judge determined Defendant was not entitled to additional presentence confinement credit. We reserve further discussion of the facts for our analysis.

**DISCUSSION**

**I.      Defendant Has Failed to Establish Fundamental Error From the Sentencing Delay**

**{5}** Defendant argues the 1570-day delay between his plea on June 10, 2008, and the entry of his judgment and sentence on September 27, 2012, violated his due process rights and, as a remedy, requests 1570 days of presentence confinement

credit. Defendant concedes he did not preserve the due process argument he now advances on appeal but asks us to review this claim for fundamental error. The State responds that we should decline review because the record is inadequate but, if we entertain Defendant's request for fundamental error review, he has failed to meet this demanding burden.

**{6}** To prevail on a claim of fundamental error, a defendant "must demonstrate the existence of circumstances that 'shock the conscience' or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked." *State v. Cunningham*, 2000-NMSC-009, ¶ 21, 128 N.M. 711, 998 P.2d 176. But "[t]he first step in reviewing for fundamental error is to determine whether an error occurred." *State v. Silva*, 2008-NMSC-051, ¶ 11, 144 N.M. 815, 192 P.3d 1192. Only "[i]f that question is answered affirmatively, [do] we then consider whether the error was fundamental." *Id.*

**{7}** To evaluate whether error occurred, we turn to the test adopted in *State v. Lopez*, 2018-NMCA-002, 410 P.3d 226. "[T]he question of whether a delay in sentencing violates a defendant's due process rights [is] answered by looking to: (1) the reasons for the delay; and (2) what prejudice the defendant has suffered as a result of the delay." *Id.* ¶ 13 (internal quotation marks and citation omitted). "[I]n order to prevail on a due process claim related to a delay in such proceedings, a defendant must prove prejudice and an intentional delay by the [s]tate to gain a tactical advantage. This prejudice must be actual and substantial." *State v. Massengill*, 2003-NMCA-024, ¶ 62, 133 N.M. 263, 62 P.3d 354 (internal quotation marks and citations omitted)); *see also Lopez*, 2018-NMCA-002, ¶ 14 ("[T]he burden uniformly remains on the defendant to prove that the delay in sentencing was prejudicial.").

**{8}** Much like our speedy trial inquiry, ruling on a due process claim "requires a court to weigh factually based factors, and fact-finding is a function of the district court." *State v. Collier*, 2013-NMSC-015, ¶ 41, 301 P.3d 370 (alteration, internal quotation marks, and citation omitted). Consequently, our appellate courts have repeatedly declined to review such fact-intensive constitutional claims for the first time on appeal. *See, e.g., id.* (declining to review unpreserved speedy trial claim); *State v. Garcia*, 2019-NMCA-056, ¶ 38 ___P.3d ___ (same), *cert. denied*, 2019-NMCERT-___ (S-1-SC-37766, Sept. 10, 2019). Our courts have reasoned that, in the absence of factual development in the district court, there essentially is nothing to review. *See Collier*, 2013-NMSC-015, ¶ 41; *State v. Rojo*, 1999-NMSC-001, ¶ 51, 126 N.M. 438, 971 P.2d 829. We are confronted with the same problem in this case. A review of the district court's ruling below exposes the lack of factual development on matters necessary for a meaningful review of Defendant's due process sentencing delay claim. We undertake this review before explaining why, on the record before us, Defendant fails to establish fundamental error for the sentencing delay.

## A. The District Court's Ruling

**{9}** Because the district court was not presented with the due process argument Defendant now raises on appeal, the court had no occasion to examine the reasons for the delay in sentencing and whether Defendant was prejudiced by any such delay. *See Lopez*, 2018-NMCA-002, ¶ 13. Instead, the district court addressed Defendant's distinct argument that he was entitled to over four years of additional presentence confinement credit.

**{10}** Presentence confinement credit is governed by NMSA 1978, Section 31-20-12 (1977), which instructs, "[a] person held in official confinement on suspicion or charges of the commission of a felony shall, upon conviction of that or a lesser included offense, be given credit for the period spent in presentence confinement against any sentence finally imposed *for that offense*." (Emphasis added.) "[T]he decisive factor in allowing credit for pre-sentence confinement in a case is whether the confinement was *actually related* to the charges of that particular case." *State v. Ramzy*, 1982-NMCA-113, ¶ 8, 98 N.M. 436, 649 P.2d 504 (emphasis added). "If the confinement was not in connection with the offense charged, [Section 31-20-12], does not authorize a credit." *Id.*

**{11}** The district court accordingly endeavored to determine if the confinement credit Defendant requested was actually related to the possession of a deadly weapon charge, for which Defendant pled. Although Defendant remained in custody for over four years pending sentencing, the district court determined he was not held on this case. The district court first observed that the sentencing judge did not revoke or amend Defendant's bond when he was arrested in July 2008 and that this apparently was intentional. The court also made clear that, even though competency was raised in other cases and remained pending for a period of over two years starting in 2009, there was no evidence competency raised in this case or Defendant was being held on this case because of competency.

**{12}** Based on the foregoing, the district court determined there was "no nexus between the . . . additional days the defense is seeking to have [Defendant] credited with and this case." The district court thus denied Defendant's request and confirmed the award of 238 days of credit.[1] As part of the district court's analysis of Defendant's request for additional presentence confinement credit, the court did not determine the reasons for the sentencing delay for the period of time Defendant's competency was pending in other cases or for any other period. Nor did the district court examine whether the delay prejudiced Defendant. Because of this, our ability to review the *Lopez* factors is curtailed.

**B.    Reasons for Delay**

---

1Defendant makes an ancillary argument, primarily in reply, that the district court erred in declining to award the additional presentence confinement time. He argues that "[i]f the delay was due to concerns about [his] competency, he is entitled to that [presentence confinement] time." Because, as explained below, we cannot say on this record whether the delay in sentencing was due to Defendant's competency, we do not reach this argument.

**{13}** As for the first *Lopez* factor—the reasons for the delay in sentencing—Defendant contends the delay in sentencing resulted from his pending competency determination in other cases.[2] While we certainly appreciate that the district court could not sentence Defendant if he was incompetent, *State v. Sena*, 1979-NMCA-043, ¶ 18, 92 N.M. 676, 594 P.2d 336, as noted, the district court was not asked to resolve, nor did it resolve, the question whether the sentencing delay in this case was due to a concern for Defendant's competency. Given this deficiency, and in absence of needed findings by the district court, we do not resolve this factual matter for the first time on appeal. *See State v. Gonzales*, 1999-NMCA-027, ¶ 9, 126 N.M. 742, 975 P.2d 355 ("It is a bedrock principle of appellate practice that appellate courts do not decide the facts in a case. Fact-finding is the task of the trial judge or the jury."). We note, however, even were we able to determine that some of the sentencing delay is attributable to the determination of Defendant's competency, such delay would generally weigh against the defendant, not the state. *See, e.g., State v. Mendoza*, 1989-NMSC-032, ¶ 8, 108 N.M. 446, 774 P.2d 440 ("[A] competency examination is clearly on behalf of the accused and in no way infringes on that person's speedy trial rights.").

**{14}** We are able to discern two additional periods of delay for which Defendant appears responsible. First, there is evidence the sentencing judge postponed Defendant's initial sentencing hearing in September 2008 because Defendant was arrested on new charges while awaiting sentencing. Second, it appears Defendant's sentencing hearing in May 2012 was postponed in order to hear Defendant's motion to withdraw his plea, filed one week before the sentencing hearing. *See State v. Steinmetz*, 2014-NMCA-070, ¶ 47, 327 P.3d 1145 ("The delay caused by the necessity of resolving [a d]efendant's motions . . . weighs against [the d]efendant."). As for the remaining periods of delay, it is not possible to determine the reasons for these delays on this record, and we cannot fairly attribute them to the State. *See Rojo*, 1999-NMSC-001, ¶ 53 (resolving doubts in the record against the defendant in evaluating unpreserved speedy trial claim). In short, we cannot say that Defendant has shown "intentional delay by the State to gain a tactical advantage." *Massengill*, 2003-NMCA-024, ¶ 62 (internal quotation marks and citation omitted).

## C. Prejudice

**{15}** As for the second *Lopez* factor—prejudice—Defendant contends he "did not receive credit for the four years of time he was incarcerated and awaiting sentencing and was unable to earn good time." Defendant's assertion of prejudice is inadequate for

---

2Alternatively, Defendant invites us to find that, if the delay is not attributable to Defendant's competency, there was no reason at all for the delay. We will draw no such inference against the State, given the undeveloped record on appeal and the fact that the State had no opportunity to respond to this argument below. *See Rojo*, 1999-NMSC-001, ¶ 53 (resolving doubts in the record against the defendant in evaluating unpreserved speedy trial claim and noting "[w]here there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the trial court's judgment" (alteration, internal quotation marks, and citation omitted)); *State v. Nichols*, 2006-NMCA-017, ¶ 27, 139 N.M. 72, 128 P.3d 500 (noting the state is deprived of "a fair opportunity to respond and show why the court should rule against the [defendant]" when the defendant fails to raise an alleged due process violation below (internal quotation marks and citation omitted)).

a couple reasons. First, Defendant's contention that he lost "good time"—i.e., "earn meritorious deductions" pursuant to NMSA 1978, Section 33-2-34 (2015), at the corrections department—is speculative. To earn good time credit, a prisoner must participate in particular programs, maintain good behavior, be recommended for good time credit by a supervisor, and have this credit approved by the warden. Section 33-2-34(A), (B), (F). Given these contingencies, whether Defendant would have earned good time is based on conjecture.

**{16}** Second, Defendant's assertion that he did not receive credit for the 1570-day period between his plea on June 10, 2008, and the entry of his judgment and sentence on September 27, 2012, is dubious on the record before us. Defendant in fact received confinement credit for portions of the timeframe. For instance, Defendant received presentence confinement credit beginning May 24, 2012, when his bond was increased. And Defendant was awarded post-sentence confinement credit from the time of his sentencing until transported to the corrections department.

**{17}** Moreover, as the district court found, Defendant was awarded nearly the same presentence confinement credit he sought in this case when he was sentenced in two other cases in 2013. While the 2013 sentences were run concurrent to the sentence in this case, Defendant has not directed us to any authority establishing that a defendant is entitled to the same presentence confinement credit on each case merely because sentences are run concurrently. *See State v. Miranda*, 1989-NMCA-068, ¶¶ 11, 21, 108 N.M. 789, 779 P.2d 976 (permitting dual credit for concurrent sentences but not eliminating the requirement that the confinement be actually related to the charges of a particular case). We are under no obligation to develop this argument, and we decline to address it further. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts do not review unclear or undeveloped arguments); *State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 ("We will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists."). In sum, we cannot say Defendant has met his burden in showing "actual and substantial prejudice." *Massengill*, 2003-NMCA-024, ¶ 62.

**{18}** Defendant has failed on this record to demonstrate fundamental error from the sentencing delay.

## II.    Defendant Has Not Made Out a Claim for Ineffective Assistance of Counsel

**{19}** Defendant alternatively argues that trial counsel was ineffective by failing to (1) secure a competency stay in this case, and (2) raise a due process claim for the delay in sentencing. "For a successful ineffective assistance of counsel claim, a defendant must first demonstrate error on the part of counsel, and then show that the error resulted in prejudice." *State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289 (citing *Strickland v. Washington*, 466 U.S. 668, 690, 692 (1984)). On this record, Defendant has failed to meet his burden.

**{20}** With respect to his first claim of ineffectiveness, Defendant argues that his trial counsel should have filed a motion to determine competency and stay this case and that this somehow would have ensured Defendant received presence confinement credit. Defendant does not explain why the mere assertion of competency, without a corresponding commitment to NMBHI, would justify the award of presence confinement credit, and our case law does not support such a claim. *See State v. La Badie*, 1975-NMCA-032, ¶¶ 7, 9-11, 87 N.M. 391, 534 P.2d 483 (holding that the time a defendant was *confined* at the state mental health hospital, pursuant to a court's commitment order, is "official confinement" within the meaning of Section 31-20-12, as formerly compiled as NMSA 1953, Section 41-13-3.1). As such, Defendant fails entirely to establish there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bernal*, 2006-NMSC-050, ¶ 32 (internal quotation marks and citation omitted); *see also State v. Martinez*, 2007-NMCA-160, ¶ 19, 143 N.M. 96, 173 P.3d 18 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we need not consider whether counsel's performance was deficient.").

**{21}** With respect to the second claim of ineffectiveness, as set forth above, a due process claim for the delay in sentencing is not supported on this record. Where, as here, the record does not show convincing support for a motion, and counsel's reasons for not filing the motion are not part of the record, we "will not second guess" counsel's decision, and will not find ineffective assistance. *State v. Martinez*, 1996-NMCA-109, ¶ 36, 122 N.M. 476, 927 P.2d 31; *see also State v. Stenz*, 1990-NMCA-005, ¶ 7, 109 N.M. 536, 787 P.2d 455 ("Trial counsel is not incompetent for failing to make a motion when the record does not support the motion.").

**{22}** We conclude Defendant has not met his burden to establish ineffective assistance of counsel on direct appeal. This decision does not preclude Defendant's ability to pursue habeas corpus proceedings where he may develop the record with respect to these issues. *State v. Arrendondo*, 2012-NMSC-013, ¶ 44, 278 P.3d 517.

**CONCLUSION**

**{23}** For the foregoing reasons, Defendant has not established error on this record. We affirm.

**{24} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**