Jacob Markowitz, J.
Eelator on this writ is currently detained as a prisoner in the New York City Correctional Institution for Men located in the Borough of The Bronx under an indeterminate sentence of the Bronx County Court of up to three years. He seeks credit for the 165 days he was incarcerated prior to conviction in Matteawan State Hospital for the criminally insane.
There is no question that under the recent amendment to subdivision (b) of section 204 of the Correction Law (L. 1961, ch. 258), enacted April 3, 1961, effective 30 days thereafter, a prisoner in a city institution for an indefinite term is entitled to credit for time served prior to sentencing. Prior to such enactment, preconviction jail time had been given consideration (but not credit) as a matter of discretion (see Memorandum of Legislative Eepresentative of City of New York, McKinney’s 1961 Session Law News, No. 6, p. A-848). Credit was not given as a matter of right (People ex rel. Kohlepp v. McGee, 256 App. Div, 792, appeal dismissed 282 N. Y. 677). It is contended in opposition to this writ that time spent in a hospital for the criminally insane is not time spent “ in a prison or jail ” within the meaning of the recently amended provision of the Correction Law.
With this narrow construction the court cannot agree. Matteawan State Hospital exists “ for the purpose of holding in custody and caring for such insane persons held under any other than a civil process as may be committed * * * by courts of criminal jurisdiction” (Correction Law, § 400). *647 (Emphasis supplied.) The very fact that the statutory provisions relating specifically to that institution comprise article 16 of the Correction Law, and make it subject to the jurisdiction of the Department of Correction, conclusively establishes that it is a penal establishment (cf. art. 3 of Mental Hygiene Law which governs the administration of noncriminal State mental hospitals). It is conceded on this argument, that had relator’s illness been physical rather than mental, he would have been automatically credited with the time spent in the criminal wards of a hospital. To deny him the same benefits because of a claimed mental deficiency would be reading into the law recently enacted an unreasonable and unintended distinction. In view of the foregoing, the writ is sustained and the relator is discharged.