■ THE PEOPLE OF. THE STATE OF NEW YORK, Respondent, v JESSIE

PUGH, Also Known as JAMES PUGH, Also Known as WILLIE FLOWERS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 14, 1975, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment affirmed. In 1967 defendant was charged with and tried for the crimes of which he now stands convicted. While incarcerated and awaiting sentencing, he became mentally ill. Following a hearing before the trial court, at which it was determined that he lacked the mental capacity to be sentenced, defendant was committed to the Matteawan State Hospital, where he remained for the next eight years. Upon his certification as a sane person, capable of being sentenced, the judgment of conviction was rendered on May 14, 1975. On this appeal, defendant contends, *inter alia,* that he is entitled to receive credit against his sentence for the eight years which he spent in confinement at Matteawan. We agree. Subdivision 3 of section 70.30 of the Penal Law provides that a person confined to prison upon an indeterminate sentence is entitled to receive a credit against his sentence for any time he spent "in custody" with regard to the prosecution for which he was sentenced. The predecessor of this statute, section 2193 of the former Penal Law, enumerated specific types of custody, including therein confinement to a State mental facility, as such as would entitle a defendant to credit for time served (see, e.g., *Matter of Negro v Dickens,* 22 AD2d 406). In revising this statute, the State Commission on Revision of the Penal Law and Criminal Code suggested the elimination of the enumeration of different types of incarceration and their merger into a single concept of "jail time", including "time spent in 'custody' no matter where the time was spent" (Gilbert Criminal Law and Procedure [58th ed.], Commission Staff Notes on the Proposed New York Penal Law, § 30.30, subd 3, p 2A-30). We conclude that although there was a change in the numbering and wording of the statute, the law in this respect has not been changed and that the defendant is entitled to receive the credit he seeks. However, since he does not contend that the sentence imposed upon him was illegal, or that it is in and of itself excessive, and as the allowance he seeks pursuant to section 70.30 of the Penal Law is a credit intended to be applied against the satisfaction of a sentence, rather than a factor to be considered in imposing a shorter sentence, we shall not, upon this appeal, alter defendant's sentence. We think that the proper course by which defendant may obtain the relief he seeks is an article 78 proceeding in which the precise amount of time with which he must be credited may be determined. Hopkins, Acting P. J., Martuscello, Latham, Christ and Hawkins, JJ., concur.