STATE v. NEIL MICHAEL PLADSON.

250 N. W. 2d 183.

January 14, 1977—No. 46672.

David G. Roston and Michael Donohue, for appellant.
Warren Spannaus, Attorney General, Richard G. Mark, Assistant At-

torney General, *Richard G. Evans*, Special Assistant Attorney General, and *Ronald H. Schneider*, County Attorney, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Petitioner was charged in five separate indictments with first-degree murder in the deaths of five members of the James Fremberg family in Kandiyohi County in 1970. After plea negotiations defendant pleaded guilty to five reduced charges of second-degree murder and was sentenced to a 25-year indeterminate term in the custody of the commissioner of corrections. This is an appeal from an order of the district court denying a petition for postconviction relief. We affirm.

Petitioner alleged in the petition that at the time he agreed to plead guilty he was informed by the court (via counsel) that the court would recommend treatment at the state security hospital and that the director of the hospital had indicated that with such a recommendation on the record he would be able to obtain an administrative transfer for petitioner from the state penitentiary so that petitioner would be able to spend his entire term at the security hospital. Although petitioner thus far has spent a large portion of his time at the security hospital, he has not spent all of his time there and has been transferred back to the state prison on several occasions for varying periods. Petitioner contends that a promise was made and breached and that therefore he should be permitted to withdraw his guilty plea.

The postconviction court found that the trial court had not represented to petitioner that any permanent transfer had been promised but that rather the trial court had simply stated that the medical director had promised to give petitioner proper treatment if he were transferred to the security hospital by the appropriate authority. In other words, the postconviction court found that no promise had been breached. The evidence supports the findings of the postconviction court, and we therefore affirm the order denying relief.

Affirmed.