**STATE of Minnesota, Respondent,**

v.

**Wayne Richard PETERSON, Appellant.**

**No. C2–84–1871.**

Court of Appeals of Minnesota.

Dec. 31, 1984.

Review Denied Mar. 13, 1985.

Security Hospital for evaluation. He was then sentenced to a 1 to 20 year indeterminate sentence with execution stayed and placed on probation. As a condition of probation, appellant entered sex offender therapy treatment at St. Peter and was discharged from St. Peter about two years later.

On July 9, 1984, appellant pleaded guilty to burglary in the first degree and to criminal sexual conduct in the first degree. Both incidents were independent of each other. As part of his plea, appellant acknowledged he was in violation of his prior probation for the 1976 rape and agreed to resentencing under the Guidelines.

Appellant was sentenced as follows: (1) 68 months executed sentence for the 1976 offense (constituting a 1½ times departure), (2) a 41 month concurrent sentence for the burglary, and (3) a 91 month consecutive prison sentence for the 1984 rape. Appellant was given 194 days credit for the time spent in St. Peter for evaluation prior to his original sentencing, but was denied credit for the approximately two years spent in St. Peter receiving therapy. This ruling is the sole issue on appeal.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M.A. Johnson, Anoka County Atty., Marcy S. Crain, Asst. County Atty., Anoka, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

In 1976, appellant raped a 55-year-old woman in her home at knife point. He pleaded guilty and was sent to St. Peter

### DECISION

Effective November 1, 1983, the Sentencing Guidelines policy on jail credit was modified. Minnesota Sentencing Guidelines III.C. now provides:

> *Jail Credit:* Pursuant to Minn.Stat. § 609.145, subd. 2, and Minn.R.Crim.P. § 27.03, subd. 4(b), when a convicted felon is committed to the custody of the Commissioner of Corrections, the court shall assure that the record accurately reflects all time spent in custody between arrest and sentencing, including examinations under Minn.R.Crim.P. §§ 20 or 27.02, subd. 4, for the offense or behavioral incident for which the person is sentenced, which time shall be deducted by the Commissioner of Corrections from the sentence imposed. Time spent in confinement as a condition of a stayed sentence when the stay is later revoked

and the offender committed to the custody of the Commissioner of Corrections shall be included in the above record, and shall be deducted from the sentence imposed.

*Id.* The pertinent comment to this section provides:

> Credit for time spent in custody as a condition of a stay of imposition or stay of execution is limited to time spent in jails, workhouses, and regional correctional facilities. Credit should not be extended for time spent in residential treatment facilities as a condition of a stay of imposition or stay of execution.

Minn. Sentencing Guidelines III.C.02.

Appellant is not entitled to credit for time spent receiving therapy at St. Peter as a condition of probation. While it is true that St. Peter is a physically secure structure similar to many correctional institutions, this is irrelevant to disposition of the issue here. Appellant's argument, while creative, is counter to the express provisions of the Sentencing Guidelines.

Affirmed.