**STATE of Minnesota, Respondent,**

v.

**Michael Eugene CAMERON, Appellant.**

**No. C7–99–1529.**

Court of Appeals of Minnesota.

Dec. 28, 1999.

Mike Hatch, Attorney General, St. Paul, and Susan Gaertner, Ramsey County Attorney, Darrell C. Hill, Assistant County Attorney, St. Paul, for respondent.

Gary R. Bryant–Wolf, Minneapolis, for appellant.

Considered and decided by DAVIES, Presiding Judge, FOLEY,* Judge, and MULALLY,** Judge.

## OPINION

DAVIES, Judge.

Appellant alleges that the district court erred by failing to apply his presentence jail credit to each of his consecutive sentences. We affirm.

## FACTS

Appellant Michael Eugene Cameron pleaded guilty to two counts of criminal vehicular injury causing great bodily harm and one count of criminal vehicular injury causing substantial bodily harm. The district court sentenced appellant to serve 12 months on count I, 12 months on count II to run concurrently with the count I sentence, and 12 months on count III to run consecutive to the other sentences, for a total incarceration period of 24 months. The district court then credited appellant with 106 days of jail credit against the 24–month total. Appellant asked the district court to apply his jail credit to each of the consecutive 12–month sentences, thereby giving him 212, not 106, days' credit against the aggregate time he was to serve. The district court denied appellant's motion.

## ISSUE

Did the district court err by failing to apply appellant's jail credit against each of his consecutive sentences?

## ANALYSIS

"The granting of jail credit is not discretionary with the trial court." *State v. Parr,* 414 N.W.2d 776, 778 (Minn.App. 1987), *review denied* (Minn. Jan. 15, 1988). Under Minn. R.Crim. P. 27.03, subd. 4(B), jail credit is to be automatically deducted from a sentence. According to *State v. Patricelli,* 357 N.W.2d 89, 94 (Minn.1984), jail credit applies to each sentence of multiple concurrent terms. In situations of consecutive sentences, the jail credit should be applied to only the first sentence, however, because to do otherwise would constitute "double credit." *See* Minn. Sent. Guidelines III.C.2 (double jail credit shall not be given to consecutive sentences); *Effinger v. State,* 380 N.W.2d 483, 489 (Minn.1986) (no double jail credit for consecutive sentence).

Appellant argues, however, that his jail credit must be applied to each of his con-

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

** Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

secutive sentences, citing *State v. Brom,* 463 N.W.2d 758, 765–66 (Minn.1990). Appellant misreads the holding in *Brom.* In *Brom,* the trial court had not granted any jail credit for time served before sentencing. *Id.* On appeal, the supreme court applied the credit "against each of his life sentences for all of the time he was detained." *Id.* at 766. Consequently, the supreme court in *Brom* applied the jail credit once against Brom's three consecutive life sentences and once against the concurrent life term. In the *Brom* opinion, the supreme court did not suggest it was changing existing jail credit law and did not mention any authority contrary to *Effinger* or *Patricelli,* nor did the court reject those precedents. *See Brom,* 463 N.W.2d at 765–66. Thus, a claim that *Effinger* and *Patricelli* were directly or implicitly overruled is unfounded. It seems, instead, that the supreme court simply treated all the life sentences as if they were, in practical effect, concurrent.

As this court has concluded, subsequent to *Brom,* a defendant is entitled to jail credit only once against aggregated consecutive sentences. *State v. Elting,* 480 N.W.2d 152, 154–55 (Minn.App.1992), *review denied* (Minn. Mar. 26, 1992). Appellant properly received a single jail credit for the time he served before sentencing.

## DECISION

We hold that the district court correctly applied jail credit against only the first of appellant's consecutive sentences.

**Affirmed.**