STATE of Minnesota, Respondent,

v.

Derrick Eugene **BRADLEY**, Appellant.

No. C3–00–1907.

Court of Appeals of Minnesota.

June 5, 2001.

Review Denied Aug. 15, 2001.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Michael K. Walz, Assistant County Attorney, Minneapolis, MN, for respondent.

John M. Stuart, State Public Defender, Theodora K. Gaitas, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by
HALBROOKS, Presiding Judge,
LANSING and HUSPENI, Judges.

## OPINION

DORIS O. HUSPENI, Judge [*]

Upon revocation of his probation, appellant's request for jail credit for time spent in a private residential treatment facility as a condition of probation was denied by the district court, on the grounds that Minnesota Sentencing Guidelines do not allow credit when probation time is spent in a treatment facility. Appellant argues that the decision of the district court constitutes a denial of equal protection under the law. Because there is a rational basis for granting jail credit to offenders who receive treatment while in state correctional facilities but denying it to offenders who receive treatment at private residential facilities, we affirm.

## FACTS

Appellant Derrick Eugene Bradley was charged by juvenile delinquency petition with attempted second-degree murder, a violation of Minn.Stat. § 609.17 (1994) and Minn.Stat. § 609.19 (1994). The petition alleged that appellant, age 17 at the time of the offense, shot another man in south Minneapolis. Pursuant to a plea agree-

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

ment, the state amended the charge to first-degree assault, a violation of Minn. Stat. § 609.221 (1994).

Appellant entered a guilty plea and the district court found him delinquent as an extended jurisdiction juvenile pursuant to Minn.Stat. § 260.126 (1994). The conviction carried a presumptive 86–month sentence. In accordance with the plea agreement, the district court imposed a stayed, 150–month sentence, and placed appellant on probation until age 21. As a condition of probation, the district court ordered appellant to complete a program at the Colorado Boys Ranch in La Junta, Colorado. Appellant completed an 18–month program in Colorado, but upon his return to Minnesota, he violated his probation by testing positive for cocaine use. The district court revoked appellant's probation and imposed the 150–month adult sentence. This court affirmed the revocation on appeal; the supreme court denied further review.

Appellant subsequently moved for jail credit for the 18 months he spent at the Colorado Boys Ranch. Appellant did not argue denial of equal protection as the basis for his motion, nor did he request a hearing on the motion. The district court, in denying jail credit, concluded that the Minnesota Sentencing Guidelines provide that credit for time spent in confinement as a condition of probation is limited to time spent in jails, workhouses, and regional correctional facilities, and that credit is not to be given for time spent in residential treatment facilities.

Appellant challenges the district court order as a denial of equal protection under the United States and Minnesota Constitutions.

## ISSUE

Did the district court violate appellant's right to equal protection by denying his motion for jail credit for time he spent in residential treatment as a condition of probation?

## ANALYSIS

█ We may review constitutional issues for the first time on appeal when required in the interests of justice, when the parties have adequate briefing time, and when the issue is implied in the district court. *Tischendorf v. Tischendorf,* 321 N.W.2d 405, 410 (Minn.1982). Although appellant did not raise his equal protection argument in the district court, we believe the conditions described in *Tischendorf* have been met here, and elect to review the issue.

█ "The granting of jail credit is not discretionary with the trial court." *State v. Cameron,* 603 N.W.2d 847, 848 (Minn. App.1999) (citation omitted). Awards of jail credit are governed by principles of fairness and equity and must be determined on a case-by-case basis. *State v. Dulski,* 363 N.W.2d 307, 310 (Minn.1985). A defendant has the burden of establishing that he is entitled to jail credit for a specific period of time. *State v. Willis,* 376 N.W.2d 427, 428 n. 1 (Minn.1985).

█ A defendant is entitled to jail credit for "all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed." Minn. R.Crim. P. 27.03, subd. 4(B). Caselaw and sentencing guidelines provide, however, that an offender is not entitled to jail credit for time spent in a treatment facility as a condition of probation. *See State v. Peterson,* 359 N.W.2d 708, 710 (Minn.App. 1984) (holding defendant who received treatment in a state hospital was not entitled to jail credit for that time), *review denied* (Minn. Mar. 13, 1985); Minn. Sent. Guidelines III.C.3 (credit for confinement as a condition of stayed sentence "is limit-

ed to time spent in jails, workhouses, and regional correctional facilities"); Minn. Sent. Guidelines cmt. III .C.04 ("Credit should not be extended for time spent in residential treatment facilities or on electric home monitoring as a condition of a stay of imposition or stay of execution."); *see also State v. Bonafide*, 457 N.W.2d 211, 215 (Minn.App.1990) (holding that jail credit may be granted for presentence custodial period spent under a civil commitment order at state security hospital and observing that denying credit for time relating to probationary conditions is not inconsistent with that holding). Although treatment may be available both as part of confinement in state correctional facilities and as part of a private residential treatment program, under the sentencing guidelines, an offender is only entitled to jail credit for the former. Appellant, denied jail credit for time spent in treatment, argues that this disparity constitutes a violation of his equal protection rights provided to him under the United States and Minnesota Constitutions.

▮ The equal protection guarantees contained in U.S. Const. amend. XIV and Minn. Const. art. 1, § 2, require that persons similarly situated be treated alike unless a rational basis exists for discriminating among them. *State v. Russell*, 477 N.W.2d 886, 888–89 (Minn.1991). The United States Supreme Court has held that legislative distinctions made between defendants for the purpose of determining eligibility for jail credit requires an inquiry into "whether the challenged distinction rationally furthers some legitimate, articulated state purpose." *McGinnis v. Royster*, 410 U.S. 263, 270, 93 S.Ct. 1055, 1059, 35 L.Ed.2d 282 (1973).

In *Royster*, prisoners who had been incarcerated prior to sentence were granted

jail credit against a subsequent prison sentence, but were denied the right to earn "good time" [1] credit for pre-sentence incarceration. *Id.* at 266, 93 S.Ct. at 1058. Prisoners who were fortunate enough to obtain bail prior to sentencing, on the contrary, earned "good time" for the entire period of their incarceration. *Id.* This distinction was challenged as a denial of equal protection. *Id.* at 268, 93 S.Ct. at 1058. The United States Supreme Court, in rejecting the constitutional challenge, stated:

[A]t state prisons a serious rehabilitative program exists. County jails, on the other hand, serve primarily as detention centers. * * * [G]ranting of good-time credit toward parole eligibility takes into account a prisoner's rehabilitative performance. * * * As the statute and regulations contemplate state evaluation of an inmate's progress toward rehabilitation, in awarding good time, it is reasonable not to award such time for pretrial detention in a county jail where no systematic rehabilitative programs exist and where the prisoner's conduct and performance are not even observed and evaluated by the responsible state prison officials. * * * Where there is no evaluation by state officials and little or no rehabilitative participation for anyone to evaluate, there is a rational justification for declining to give good-time credit.

*Id.* at 271–73, 93 S.Ct. at 1060–61 (citations and quotations omitted).

While the court in *Royster* concluded that the distinction between awarding good-time credit to those incarcerated in state prisons after sentencing while denying good-time credit to those incarcerated in detention facilities prior to sentencing rationally furthered some legislatively articulated state purpose, *id.* at 270, 93 S.Ct. at 1059, Minnesota law applies a "more

---

**1.** "Good time" is used to determine a mini-   mum parole date.

stringent" rational basis standard. *Russell*, 477 N.W.2d at 889. The court in *Russell*, in addressing the differing standards under the United States and Minnesota Constitutions, stated:

> This court has not been consistent in explaining whether the rational basis standard under Minnesota law, although articulated differently, is identical to the federal standard or represents a less deferential standard under the Minnesota Constitution. What has been consistent, however, is that in the cases where we have applied what may be characterized as the Minnesota rational basis analysis, we have been unwilling to hypothesize a rational basis to justify a classification, as the more deferential federal standard requires. Instead, we have required a reasonable connection between the actual, and not just the theoretical, effect of the challenged classification and the statutory goals.

*Id.* (citations omitted).

Thus, here we must answer the question of whether there is a reasonable connection between the actual, not theoretical, effect of the challenged classification (granting jail credit for time spent in programs under the authority of the commissioner of corrections while denying jail credit for time spent in residential treatment) and the statutory goals. We conclude that the classification meets the more stringent Minnesota rational basis test.

The Minnesota Sentencing Guidelines explain that

> In order to promote the goals of the sentencing guidelines, it is important to ensure that jail credit is consistently applied to reflect all time spent in custody in connection with the offense.
>
> * * * *
>
> The Commission also believes that jail credit should be awarded for time spent in custody as a condition of a stay of imposition or stay of execution when the stay is revoked and the offender is committed to the Commissioner of Corrections. The primary purpose of imprisonment is punishment, and the punishment imposed should be proportional to the severity of the conviction offense and the criminal history of the offender.

Minn. Sent. Guidelines cmt. III.C.01, .04.

The guidelines establish that an offender committed to state custody, including custody as a condition of probation, is imprisoned as punishment for the offense. The guidelines provide also, however, that jail credit

> should not be extended for time spent in residential treatment facilities or on electronic monitoring as a condition of a stay of imposition or stay of execution.

Minn. Sent. Guidelines cmt. III.C.04.

In determining that such a distinction is constitutionally permissible, we conclude that residential treatment programs, although involving a restriction of liberty and commonly a condition of probation, are not punishment for the offense committed, but are an alternative to punishment. Were jail credit granted for residential treatment, the punishment for identical offenses would be disparate. A residential treatment facility program participant whose probation is revoked and sentence executed would ultimately serve less time, or incur less "punishment," in connection with the offense than an otherwise identical offender who spent probationary time in state custody. Also, on a common-sense, practical basis, it could be argued that awarding jail credit for time spent in a treatment program would tend to diminish the incentive to succeed in treatment. Those who failed in treatment (the only

individuals who would ever raise the jail credit issue we address here) would be assured that when the "need" arose, the time spent in "failed" treatment would be considered as time spent in "punishment" and fully credited against a prison sentence. Every incentive, it seems to us, should be invoked to make treatment successful; failure should not be rewarded.

> The purpose of the sentencing guidelines is to establish rational and consistent sentencing standards which reduce sentencing disparity and ensure that sanctions following conviction of a felony are proportional to the severity of the offense of conviction and the extent of the offender's criminal history.

Minn. Sent. Guidelines I (Statement of Purpose and Principles).

The guidelines rule against granting jail credit for time spent in residential treatment states a legitimate state purpose: "rational and consistent sentencing." *Id.*

Appellant argues that granting jail credit to juveniles who "happen to get committed to Red Wing [Correctional Facility] for treatment" while denying it to juveniles who "are committed to other facilities" is not reasonably connected to the state's interest in rational and consistent sentencing. Appellant contends that this position finds support in *State v. Bowman*, No. C7–98–1892, 1999 WL 153788 (Minn.App. Mar.23, 1999), an unpublished opinion in which this court held that a juvenile was entitled to jail credit for time spent in the Minnesota Department of Corrections' Red Wing Correctional Facility because the facility was operated by the state.

As an unpublished decision, *Bowman* has no precedential value. Minn.Stat. § 480A.08, subd. 3 (2000). More importantly, nothing in the record suggests that appellant and the defendant in *Bowman* were similarly situated. Appellant may not have been an appropriate candidate for the Red Wing Correctional Facility's programs at the time of his original placement. *See* Minn. R. Juv. P. 15.05, subd. 2(B)(1) (requiring district courts to make the least-restrictive placement necessary to restore law-abiding behavior).

It is true that the degree of restraint at the Red Wing Correctional Facility and the Colorado Boys Ranch may share some similarities. The record shows that both the Red Wing Correctional Facility and the Colorado Boys Ranch allow for participation in programs off-site for participants who successfully complete certain phases of treatment. In other words, neither facility is strictly "lock-down." *Cf. State v. Wilkinson*, 539 N.W.2d 249, 252–53 (Minn.App.1995) (holding electronic home monitoring is not time spent in custody because there is a difference in restrictions between electronic home monitoring and jail).

Evidence demonstrates, however, that the programs appellant compares are qualitatively different. The Red Wing Correctional Facility's Prepare Program serves "serious and chronic juvenile offenders." The Colorado Boys Ranch "admits youth, ages 12 through 18, with severe emotional and behavioral problems." Red Wing residents are in the custody of the Commissioner of Corrections as punishment related to the offense, and treatment is afforded to offenders "to assist residents in returning to the community without further involvement in the justice system." The Colorado Boys Ranch residence programs are not punishment, and they treat a variety of emotional and psychological problems that may or may not include delinquent behavior.

We believe that the more rigid restrictions imposed as punishment in state correctional facilities differ significantly from

the restrictions deemed necessary as part of a successful residential treatment program. Inmates who, as a condition of probation, serve time and receive treatment in state correctional facilities are subject to evaluation by state officials. Offenders who receive treatment in a residential treatment program may not be similarly restricted, are not subject to evaluation by state officials, and, significantly, are not receiving treatment in conjunction with punishment for the offense committed, but instead are receiving treatment as an alternative to punishment.

The differences between facilities that treat and those that punish supply the necessary reasonable connection between the state's interest in consistent sentencing and the actual effect of treating appellant's motion for jail credit differently from a motion brought by a juvenile offender who served time at the Red Wing Correctional Facility as a condition of probation. Accordingly, we hold that the district court's decision to deny appellant jail credit for the 18 months of treatment he received at the Colorado Boys Ranch does not constitute a denial of equal protection under the law.

### DECISION

The district court did not deny appellant equal protection under the law by denying his motion for jail credit for probationary time spent in a private residential treatment facility.

**Affirmed.**