*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1500**

Sadik Abdikadir Yusuf, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 20, 2015
Affirmed
Smith, Judge**

Olmsted County District Court
File No. 55-CR-11-6656

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, Karen A. Arthurs, Assistant County Attorney, Rochester, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant Public Defender, Rachel Brown, Certified Student Attorney, St. Paul, Minnesota (for appellant)

Considered and decided by Smith, Presiding Judge; Chutich, Judge; and Minge, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SMITH**, Judge

We affirm because appellant failed to meet his evidentiary burden to establish that he was entitled to jail credit.

## FACTS

Appellant Sadik Yusuf pleaded guilty as an extended-jurisdiction juvenile offender to first-degree robbery in March 2008. The district court adjudicated Yusuf delinquent, imposed a stayed adult sentence of 58 months, and placed him on juvenile probation. *See* Minn. Stat. § 260B.130, subd. 4(a) (2014). On February 22, 2008, Yusuf was transferred from the juvenile detention center to the Many Rivers Challenge Unit, housed in the same facility, where he stayed until July 2008.

After Yusuf violated juvenile probation, the district court revoked extended juvenile jurisdiction in August 2011 and placed Yusuf on adult probation. After another probation violation, the district court executed the 58-month adult sentence, granting jail credit for "any detention time from the date of incident, whether it's juvenile or adult," but excluding electronic home-monitoring time. The district court calculated the jail credit as 188 days.

Yusuf moved to correct his sentence and ultimately requested 331 days' jail credit, including the time he was at the Challenge Unit. In both his motion and his amended motion, Yusuf stated, "No hearing is requested on this motion." The district court found that Yusuf was transferred to treatment at the Challenge Unit on electronic home monitoring on February 22, 2008 and concluded that he was not entitled to jail credit

2

while there. Accordingly, the district court denied Yusuf's motion to correct his sentence.

## DECISION

Yusuf argues that the district court erred in denying his motion to correct his sentence because it denied jail credit for his time spent in the Many Rivers Challenge Unit without first making a factual finding on whether the Challenge Unit was the functional equivalent of a jail, workhouse, or regional correctional facility.

The district court's decision on awarding jail credit "is a mixed question of fact and law." *State v. Johnson*, 744 N.W.2d 376, 379 (Minn. 2008). We review the district court's factual findings for clear error and its legal conclusions de novo. *Id.*

Granting jail credit is not discretionary. *State v. Bradley*, 629 N.W.2d 462, 464 (Minn. App. 2001), *review denied* (Minn. Aug. 15, 2001). A defendant is entitled to credit for "days spent in custody in connection with the offense or behavioral incident being sentenced." Minn. R. Crim. P. 27.03, subd. 4(B). A district court must award jail credit for time spent in the functional equivalent of a jail, workhouse, or regional correctional facility. *Asfaha v. State*, 665 N.W.2d 523, 528 (Minn. 2003). A functional equivalent of a jail, workhouse, or regional correctional facility places similar restrictions on the defendant's freedom of movement, and evidence of the facility's conditions is necessary to support such a finding. *See id.* at 526-27. "A defendant bears the burden of establishing that he/she is entitled to jail credit." *State v. Garcia*, 683 N.W.2d 294, 297 (Minn. 2004).

In support of its denial of Yusuf's motion, the district court found that Yusuf was on electronic home monitoring while he was in the Challenge Unit. This finding is not supported by the record. Rather, the evidence in the record contradicts the finding. Both Yusuf and the state submitted documentation indicating that he was on electronic home monitoring *after* being released from the Challenge Unit. Therefore, that finding was clearly erroneous.

The error was harmless, however, because Yusuf did not meet his evidentiary burden to demonstrate that he was entitled to jail credit. In his motion, Yusuf asserted that he served a total of 262 days at the juvenile detention center, but he does not dispute on appeal that part of that time was spent in the Challenge Unit. Yusuf also did not identify in his motion which days were spent at the Challenge Unit or present any evidence of the Challenge Unit's conditions. Furthermore, he requested no hearing in both his motion and his amended motion. While a defendant is entitled to jail credit, he also bears the burden of demonstrating that entitlement through evidence. And, when the defendant twice asserts that an evidentiary hearing is unnecessary, the district court may assume that the defendant has no additional evidence that he wishes to present.[1] Without any evidence in the record demonstrating that the Challenge Unit was the functional

---

[1] Yusuf's counsel asserted at oral argument that Yusuf was not aware that the state opposed his motion because the state's response did not arrive until after the district court issued its order. We do not grant relief on these grounds for three reasons. First, this issue was not briefed on appeal and is thus waived. *See State v. Butcher*, 563 N.W.2d 776, 780 (Minn. App. 1997), *review denied* (Minn. Aug. 5, 1997). Second, the issue was not raised before the district court; therefore, we decline to consider it on appeal. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). And, finally, Yusuf made no allegation that the state was at fault for his nonreceipt of its letter.

equivalent of a jail, workhouse, or regional correctional facility, the district court did not

err by denying Yusuf's motion to correct his sentence.

**Affirmed.**